UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN REED,

    Plaintiff,

v.

MRS. CLAGG, et al.,

    Defendants.

Case No. 1:13-cv-351

Weber, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action against SOCF employees Mrs. Clagg, Dr. Bowers and John Doe I. Plaintiff's pro se complaint alleges a claim of deliberate indifference to medical needs by defendants in violation of the Eighth Amendment.

The record reflects that on September 16, 2013, a Court Order mailed to Plaintiff was subsequently returned to the Clerk by the United States Postal Service as "paroled, no such number." (Doc. 13). Plaintiff was previously notified by the Court's Order of June 24, 2013, that he must inform the Court promptly of any changes of address which occur during the pendency of this lawsuit. (Doc. 5).

Thereafter, on October 3, 2013, the court issued an order to Plaintiff to show cause why this Court should not dismiss his complaint for failure to obey a Court Order and for lack of prosecution. (Doc. 16). The Order further advised Plaintiff that his complaint would be dismissed if he failed to timely comply with the Show Cause Order. *Id.* To date, Plaintiff has

filed no response and the show cause order was returned to the Court as "refused/return to sender." (Doc. 18).

By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991) (explaining that a pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action); *Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (explaining that a pro se litigant has a duty to supply the court with notice of any and all changes in his address).

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed.R.Civ.P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir.1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding *pro se,* as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's case be **DISMISSED** for want of prosecution and for failure to obey an Order of the Court and this case be **CLOSED.**

           *s/Stephanie K. Bowman*
           Stephanie K. Bowman
           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN REED.,  Case No. 1:13-cv-351

    Plaintiffs,  Weber, J.
                                                   Bowman, M.J.

    v.

MRS. CLAGG, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3